R. Christopher Harshman, Esq. (248214)
 chris@packetlaw.com
P.O. Box 221
Culver City, California 90232
Telephone: (310) 827-7171
Facsimile: (310) 382-2092

*Attorney for Petitioners Kate Scott and James Babinski*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Kate Scott, *et al*,<br><br>                    Plaintiff,<br><br>         vs.<br><br>City Council for the City of Santa Monica, *et al*,<br><br>                    Defendants. | Case no. 2:17-cv-07329<br><br>*Removed from LASC [BS169465]*<br><br>***EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; DECLARATION OF R. CHRISTOPHER HARSHMAN**<br><br>[[PROPOSED] ORDER; STATE COURT APPLICATION; VERIFIED AMENDED PETITION FILED CONCURRENTLY HEREWITH] |
|---|---|

**To the Honorable Court, all Parties, and their Attorneys of Record:**

     **Please take notice** that petitioners Kate Scott and James Babinski ("Petitioners") will and hereby do apply *ex parte* pursuant to L.R. 7-19 for a temporary restraining order and order to show cause re preliminary injunction.

MEMORANDUM

I. INTRODUCTION

     The Petitioners filed their petition for a writ of mandate and other relief in the Superior Court of the State of California for the County of Los Angeles on **April 28, 2017** (case no. BS169465). The City Council for the City of Santa Monica ("City Council") was served with the summons and petition shortly thereafter, and filed a

demurrer on May 31st, 2017. Following the hearing on that demurrer, an order to show cause re dismissal, and the granting of leave to amend their Petition, an amended petition was filed in the Superior Court in late September. At approximately the same time, the City of Santa Monica ("City") began moving forward aggressively with its plans to shorten the runway of the Santa Monica Municipal Airport (the "Airport" or "SMO"), announcing the start of construction and corresponding overnight, and ultimately complete, suspension of operations, to begin October 9th and continue through December 30th.

Petitioners retained new counsel on October 5th and prepared an *ex parte* application for a temporary restraining order and order to show cause why a preliminary injunction should not issue (the "State Court Application," a true and correct copy[1] of a PDF version[2] of which is filed concurrently herewith). Counsel provided the City with notice prior to 10 a.m. on October 5th, pursuant to California's Rules of Court, Rule 3.1200 *et seq*.

## II. Removal

Now, more than five months – at least **158 days** – since service of the initial petition, the City has purportedly[3] removed this action to this Court, in an obvious attempt to evade the Petitioner's application for a restraining order.

## III. Basis for Ex Parte Relief; Incorporation of Memorandum

Petitioners set forth the basis for seeking *ex parte* relief in the State Court Application filed contemporaneously herewith. The City's construction on the Airport is set to begin Monday, October 9th, and will if allowed to continue quickly result in changes that cannot be undone readily, if at all, and will result in irreparable harm to Petitioners, the general public, and the national transportation infrastructure.

---

[1] Albeit with signatures conforming to this Court's Local Rule 5-4.3.4(a)(1)
[2] Created using word-processing software, then published to PDF from the original word-processing file, in compliance with the Court's Local Rule 5-4.3.1
[3] Petitioners do not here address, nor concede, the question of whether or not such removal was proper.

The principals governing an *ex parte* application for a temporary restraining order and preliminary injunction in the federal system are largely equivalent to those in the Superior Court for the State of California. The applicable standards are roughly analogous (*Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011)), the function of keeping the status quo is identical (*Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 US 423, 439 (1974); *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F2d 1415, 1422 . (9th Cir. 1984)), etc. Accordingly, in the interest of expediency[4], Petitioners respectfully request the Court incorporate herein by reference the State Court Application, filed concurrently herewith.

## IV. Counsel for the Opposing Party

Counsel for the City is: Joanna Simon and William V. O'Connor, Morrison & Foerster LLP, 12531 High Bluff Drive, San Diego, CA 92130-2040, (858) 720-5100, JoannaSimon@mofo.com and WOConnor@mofo.com; and Heidi vonTongeln, 1685 Main St. Rm 310, Santa Monica CA 90401-3248, (310) 458-8709, Heidi.vonTongeln@smgov.net.

## V. Conclusion

Before the City spends millions of dollars enacting a flawed project authorized by its besieged improper entry into the Settlement Agreement, it should – for once – respect the judicial process and the rights of *all* the people impacted by the Airport. The status quo must be preserved. The City must be enjoined from taking actions that cannot be undone, and should not escape this result by means of this potentially improper removal. Petitioners respectfully request the Court act on this *ex parte* application expeditiously.

Respectfully submitted,

Date: October 6, 2017   By: /s/ R. Christopher Harshman
R. Christopher Harshman, Esq.
Attorney for Petitioners Kate Scott and James Babinski

---

[4] Petitioners will file a substantively similar Amended Application, citing applicable federal precedent, as soon as is possible, and respectfully requests leave of the Court to do so, to the extent necessary. Petitioners naturally will take no exception to the City filing a correspondingly amended opposition.

# Declaration of R. Christopher Harshman

I, R. Christopher Harshman, declare as follows:

1. I am an attorney, duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California, and an attorney of record for Petitioners Kate Scott and James Babinski in this action. I have personal knowledge of the following facts except to those stated on information and belief, and as to those facts, I believe them to be true. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

2. **Notice**. I verbally gave notice of this *ex parte* application to Mr. O'Connor and Ms. vonTongeln when both were present in Department 85 of the Stanly Mosk Courthouse of the Superior Court for the State of California, County of Los Angeles ("L.A. Superior Court"), for the *ex parte* hearing noticed for October 6th (that was ultimately not held, due to the City's "forum shopping" maneuver).

3. **The State Court Application**. Filed concurrently herewith is a true and correct copy of the *ex parte* application submitted to the L.A. Superior Court in the state court matter.

4. **Service of Verified Amended Petition**. I am informed and believe that the Verified Amended Petition was served by U.S. Mail on September 25, 2017. Filed concurrently herewith is what I am informed is and believe to be a true and correct copy of that Verified Amended Petition, including its associated proof of service.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of October, 2017, in Los Angeles, California.

/s/ R. Christopher Harshman
R. Christopher Harshman, Esq.