**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATE SCOTT; JAMES BABINSKI, ) | CV 17-07329 RSWL (FFMx) |
| ) | |
| Plaintiffs, ) | **Order re: Application** |
| ) | **for Temporary** |
| v. ) | **Restraining Order and** |
| ) | **Order To Show Cause re** |
| CITY COUNCIL FOR THE CITY ) | **Preliminary Injunction** |
| OF SANTA MONICA; DOES, 1 ) | [6] |
| through 10, inclusive, ) | |
| ) | |
| Defendants. ) | |

## I. INTRODUCTION

Currently before the Court is Plaintiffs Kate Scott and James Babinski's ("Plaintiffs") *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction [6] ("Application"). Specifically, Plaintiffs seek to enjoin Defendant City Council for the City of Santa Monica ("Defendant") from taking any action to shorten the runway of the Santa Monica Municipal Airport (the "Airport"). *Ex Parte* Appl. ("Appl.") 1:21-26, ECF No. 6-1. The Court, having reviewed all papers and arguments submitted pertaining to this Application, **NOW**

1

**FINDS AND RULES AS FOLLOWS**: the Court **GRANTS** Plaintiffs' Application [6].

## II. DISCUSSION

**A.  Legal Standard**

1.  *Ex Parte* Application

*Ex parte* applications are for extraordinary relief. For *ex parte* relief to be granted, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). The moving party also must be without fault in creating the crisis that requires *ex parte* relief, or that excusable neglect caused the crisis. Id.

Pursuant to Local Rule 7-19.1, "[i]t shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed *ex parte* application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."

2.  Temporary Restraining Order

Injunctive relief is an "extraordinary remedy." Winter v. Natural Res. Def. Council Inc., 555 U.S. 7, 22 (2008). "Temporary restraining orders are governed by the same standard applicable to preliminary

2

injunctions." <u>Niu v. United States</u>, 821 F. Supp. 2d 1165, 1167 (C.D. Cal. 2011)(citation omitted); <u>see</u> Fed. R. Civ. P. 65. A plaintiff seeking a temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter</u>, 555 U.S. at 20.

**B. Analysis**

　　1. *Ex Parte* Application

　　Because Defendant plans to begin construction on October 9, 2017, Plaintiffs' cause will be irreparably prejudiced if the Court heard the matter on regularly scheduled motion procedures. See Appl., Ex. A. Plaintiffs were not at fault in creating this crisis because the City of Santa Monica sent out an email on September 22, 2017, notifying recipients that construction would begin October 9, 2017. Decl. of R. Christopher Harshman ("Harshman Decl.") ¶ 10, Ex. A, ECF No. 6-1.

　　Plaintiffs complied with Local Rule 7-19.1(a) by providing written notice of and a voicemail regarding this Application. Harshman Decl. ¶ 14. Additionally, Plaintiffs satisfied Local Rule 7-19.1(b) through counsel's assertion that Joanna Simon, an attorney with Morrison Foerster, intends to oppose this Application on Defendant's behalf. Id. Based on the foregoing, *ex*

*parte* relief is proper.

2. Temporary Restraining Order

Plaintiffs successfully establish all of the required elements to grant their Application and enjoin Defendant from shortening the Airport runway.

a. *Success on the Merits*

Under California Public Utilities Code section 21664.5, an amended airport permit is required for every airport expansion, including "acquisition of runway protection zones" and "realignment of an existing runway." While the department may provide regulatory exemptions, it may not exempt the requirement for public hearings pertaining to environmental considerations.[1] Cal. Pub. Util. § 21664.5(a). In Trancas Property Owners Association v. City of Malibu, 41 Cal. Rptr. 3d 200, 210 (Ct. App. 2006), the court explained that California Public Utilities Code "[s]ection 54956.9's implied allowance for adoption of settlements in closed session . . . cannot be construed to empower a city council to take or agree to take, as part of a non-publicly ratified litigation settlement, action that by substantive law may not be taken without a public hearing and opportunity for the public to be heard."

---

[1] "Environmental considerations include but are not limited to noise, air pollution, and the burden upon the surrounding area caused by the airport or airport expansion, including but not limited to, surface traffic and expense." Cal. Pub. Util. Code § 21666(e).

Public hearings are to be conducted in accordance with California Government Code section 11500 *et seq.* Cal. Pub. Util. Code § 21669.6. Under California Government Code section 11501, California Government Code section 11400 *et seq.*'s requirements apply to Defendant's operation of the Airport.

Here, Defendant entered into a settlement agreement (the "Settlement Agreement"), wherein it purportedly acquires runway protection zones and realigns an existing runway at the Airport. ECF No. 6-6 at 19, 22-23; Harshman Decl. ¶ 12. To approve this Settlement Agreement, Defendant held a closed session, preventing public comment on the matter. <u>See</u> Verified Am. Pet. ("Pet."), Exs. D, E, ECF No. 6-4.

Thus, Plaintiffs will likely prevail at trial on the merits of their claim that Defendant failed to comply with the foregoing substantive law mandating a public hearing for environmental considerations arising from the terms of the Settlement Agreement.[2]

b. *Irreparable Harm*

Plaintiffs argue that the proposed realignment will force planes to fly approximately 100 feet lower in

---

[2] Plaintiffs also argue a public hearing was required for the Airport's nightly closures and ten-day closure in December. Appl. 8:7-8. However, the pertinent statute reads that "upon the request of an affected or interested person, the department *may* conduct a public hearing." Cal. Pub. Util. Code § 21605 (emphasis added). Thus, Plaintiffs are not likely to prevail on the merits of this ground.

altitude, causing increased noise at the departure end
of the runway near adjacent neighborhoods. Harshman
Decl. ¶¶ 3-5. Plaintiff Kate Scott is a resident of
the Sunset Park neighborhood just west of the Airport.
Pet. ¶ 4.

Additionally, Plaintiffs contend flight at lower
altitude over densely populated areas increases the
risk to pilots, such as by eliminating the ability to
turn back to land on the departure runway in the event
of engine or other mechanical failure. Harshman Decl.
¶ 6. Plaintiff James Babinski regularly operates
aircraft at the Airport and enrolls in instrument
flying lessons at the Airport. Pet. ¶ 5.

These harms are irreparable because money damages
are inadequate for this kind of noise and danger. <u>See</u>
<u>Amoco Prod. Co. v. Vill. of Gambell, AK</u>, 480 U.S. 531,
545 (1987)("Environmental injury, by its nature, can
seldom be adequately remedied by money damages."). In
addition, these harms are imminent as construction,
which is currently scheduled for October 9, 2017,
immediately will prevent planes from utilizing the
runway in its current state and taking off at the
corresponding altitude.

    c. *Balance of Equities and Public Interest*

Plaintiffs request to maintain the status quo at
the Airport. <u>See</u> <u>Planned Parenthood of Greater Tex.</u>
<u>Surgical Health Servs. v. Abbott</u>, 134 S. Ct. 506, 509
(2013)(balance of harms tipped in applicants' favor

where injunction harmed defendant by delaying change to longstanding status quo for few months, but without injunction, applicants' harm would be permanent). Defendant failed to file an opposition and delineate its potential harms from injunctive relief, leaving the Court to speculate as to its harms. Assuming the harms are monetary losses from delayed construction,[3] "it appears that many of these costs may be self-inflicted" due to Defendant's rush to begin shortening the runway. Davis v. Mineta, 302 F.3d 1104, 1116 (10th Cir. 2002), *abrogated on other grounds by* Winter, 555 U.S. at 22. Thus, the balance of equities tips in Plaintiffs' favor. Finally, the public has a strong interest in ensuring Defendant abides by California's public hearings requirements so that their interests are fairly considered.

As such, Plaintiffs have established all of the elements for temporary restraining orders.

### III. CONCLUSION

Accordingly, Plaintiffs' Application is **GRANTED.** Defendant and its employees, agents, and all persons

---

[3] Defendant apparently will spend $3.52 million to complete construction by December 31, 2017. Appl., Ex. C. This injunction will delay construction by two weeks (pursuant to Federal Rule of Civil Procedure 65's time limit), but Plaintiffs are private individuals obtaining an injunction against a governmental entity. Therefore, they need only post a minimal bond. See Friends of the Earth, Inc. v. Brinegar, 518 F.2d 322, 323 (9th Cir. 1975)(finding $1,000 bond to be reasonable).

acting with them or on their behalf are hereby **ORDERED** not to take any action to shorten the runway of the Airport beginning immediately.

Defendant also is **ORDERED** to show cause as to why it should not be restrained and enjoined in the same manner pending trial of this action. Defendant must file its response, if any, no later than October 13, 2017 at 4:00 p.m. Plaintiffs must file any reply no later than October 18, 2017 at 4:00 p.m., at which point this Court will take the matter under submission.

Plaintiffs shall serve a copy of this Order on Defendant no later than October 9, 2017. Additionally, Plaintiffs are **ORDERED** to post a $5,000.00 bond or cash in that amount by October 9, 2017 at 4:00 p.m.

**IT IS SO ORDERED.**

DATED: October 8, 2017        /s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

Senior U.S. District Judge