Shana Elson, Esq. (SBN # 240540)
9848 Tabor Street, Unit 211
Los Angeles, CA 90034
Telephone (310) 922-0658

*Attorney for Amicus Curiae Santa Monica Airport Association*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kate Scott, *et al*,<br><br>    Plaintiff,<br><br>vs.<br><br>City Council for the City of Santa Monica, *et al*,<br><br>    Defendants. | Case no. 2:17-cv-07329-RSWL-FFM<br><br>*EX PARTE* APPLICATION OF SANTA MONICA AIRPORT ASSOCIATION TO APPEAR AS *AMICUS CURIAE*; DECLARATION OF SHANA ELSON<br><br>[PROPOSED] ORDER FILED CONCURRENTLY HEREWITH |

To the Court, All Parties, and their Attorneys of Record:

**Please take notice** that the Santa Monica Airport Association ("SMAA") hereby applies ex parte for an order granting leave to appear as amicus curiae and to submit a brief in support of the application of petitioners Kate Scott and James Babinksi ("Petitioners") for a preliminary injunction.

The SMAA has no parent corporation. As a non-profit association, the SMAA has no stock and therefore no corporation owns any SMAA stock.

Respectfully submitted,

Date: October 13, 2017        *Shana Elson*
                              Shana Elson, Esq.
                              Attorney for *Amicus Curiae* Santa Monica Airport Ass'n

Case 2:17-cv-07329-RSWL-FFM   Document 47   Filed 10/13/17   Page 2 of 7   Page ID #:3326

# Memorandum

## I. Interested Party

The SMAA is an independent, not-for-profit education and advocacy association incorporated under the laws of the state of California and headquartered in Santa Monica, California. The SMAA has represented the interests of users of the Santa Monica Municipal Airport ("Airport" or "SMO") since 1967, and represents more than two hundred members in Santa Monica and the surrounding communities that use the airport for business, training, education and personal transportation. A primary purpose of the SMAA is to promote, protect, and represent the interests of its members as users of the Santa Monica Municipal Airport.

## II. Statement of Interest

The SMAA represents the interests of its members, who are individuals and companies that operate aircraft and businesses at the Airport. The SMAA represents over one hundred and fifty individuals and at least fifty businesses. The members of SMAA operate and/or provide services for general aviation aircraft - i.e., aircraft other than those operated by the airlines or the military. General aviation accounts for approximately two-thirds of the aircraft hours flown in the national airspace system.

Access to the Airport is essential to the SMAA's members, who operate thousands of flights at the airport annually. There were over ninety thousand total aircraft operations at the Airport in 2016.

The Airport is one of the primary general aviation gateways in the congested Southern California airspace, and is a critical component of the safe and efficient aviation transportation system. As users of the Airport, SMAA's members have an interest in preserving access to the nation's public use airports generally, and SMO specifically. The Airport is an FAA-designated public-use reliever airport, a high-capacity general aviation airport in the Los Angeles metropolitan area that is essential to maintaining and developing the safe, efficient, and integrated national transportation

*Ex Parte* Application of Santa Monica Airport Association to Appear as Amicus Curiae

infrastructure. *See* 49 U.S.C. §§ 40103, 47101, 47103, 47102(23), and the FAA's Report to Congress on NPIAS, 2013-2017[1].

The SMAA and its members are concerned with the broad implications of this case, both as it relates to SMO and regarding any precedent it might set vis-a-vis how governments approach legislating their airports -- often highly controversial pieces of infrastructure. The SMAA and its members have been highly active in open government participation, appearing and speaking at open meetings of the City Council for the City of Santa Monica, along with the City of Santa Monica's Airport Commission and local community meetings. The SMAA accordingly seeks to assist the Court by addressing the underlying issues and broader ramifications of any disposition the Court may make in this case, so that the Court may be fully informed and that any decision in this case would not have unintended adverse consequences on future matters.

The SMAA has been a party to at least ten lawsuits concerning the Airport over the past fifty years, and can assist the Court in understanding the potential ramifications of this case extending beyond the parties directly involved. The 2017 SMAA Board of Directors have more than two hundred years of community leadership, seventy-two FAA Pilot Qualifications, twenty-four thousand hours of piloting experience and represent at least seven businesses at and around Santa Monica Municipal Airport employing more than ninety-three people. As such, the SMAA Board are the most trained, qualified and experienced group in the City of Santa Monica to speak on aviation and airport matters.

The SMAA and its members have spoken at length at multiple City Council meetings where the Airport was the topic of discussion for dozens of members of the public (if not more), and the SMAA would have been on hand to provide informative public commentary to the City Council for the City of Santa Monica regarding the agreement to enter into the settlement agreement at issue in this case, had it had the opportunity.

---

[1] *Available at* https://www.faa.gov/airports/planning_capacity/npias/reports/

### III. Request to Participate

Although neither the Federal Rules of Civil Procedure nor the local rules of the United States District Court for the Central District of California set standards for amicus status in this Court, granting amicus status is well within this Court's discretion and is warranted here. "The district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). As a sister court has observed:

> The privilege of being heard amicus rests solely within the discretion of the court . . . Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence . . . There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court.

*In re ROXFORD FOODS Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D.La. 1990)) (cited with approval, *United States v. City of L.A.*, No. CV 00-11769 GAF (RCx), 2001 U.S. Dist. LEXIS 26968, at *23 (C.D. Cal. Jan. 4, 2001). Another sister court has said:

> District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."

*Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (quoting *Ryan v Commodity Futures Trading Comm'n*, 125 F3d 1062, 1064 (7th Cir 1997)) (quoted with approval in, e.g., *Padilla v. Beard*, No. 2:14-cv-1118 KJM CKD, 2017 U.S. Dist. LEXIS 57801, at *14-15 (E.D. Cal. Apr. 14, 2017) ("Federal district courts possess the inherent authority to accept amicus briefs.")

This Court has previously accepted amicus briefs in other cases, such as the notable recent example, *Animal Legal Def. Fund v. USDA*, No. 2:12-cv-4028-ODW(PJWx), 2013 U.S. Dist. LEXIS 40547, at *1 (C.D. Cal. Mar. 22, 2013), the Court allowed Hudson Valley Foie Gras, a private party with an interest that would be

significantly affected by the outcome of the case - to file an amicus brief in support of the Federal government's dispositive motion.

The SMAA respectfully submits that its participation as amicus curiae in this case would assist the Court by virtue of its experience and perspective. Because of its special interest and expertise on the potential impacts on the operations of the Airport and the typical users of SMO, the Association can make a unique and valuable contribution to the resolution of this matter that would be separate from that of the present parties to the litigation and might otherwise escape the Court's consideration. The SMAA is uniquely situated to provide additional information that Petitioners may be necessarily limited in presenting to this Court and to provide a perspective on the civil aviation needs of the general public that can assist the Court in making an informed and appropriate decision in this case, as it relates to the Santa Monica Municipal Airport and the potential impact of this case on the users of SMO and on other airports and their corresponding neighborhoods throughout the Southern California area. It should be noted that neither the City Council of Santa Monica, the Airport Commission, it's agents, attorneys or advisors have any current, civil airport or pilot qualifications or experience.

<b><u>Ex Parte Application</u></b>

**IV.   Reason for Seeking *Ex Parte* Relief**

Because the SMAA wishes to submit a brief in connection with the Court's order to show cause re preliminary injunction, briefing on which is to be completed -- according to the Court's expedited briefing schedule, adopted at the urging of the City Council for the City of Santa Monica -- there is simply insufficient time for this matter to be heard according to the regularly noticed motion procedures. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The SMAA is without fault in creating the schedule that requires *ex parte* relief. *Id.*

**V.   Counsel for the Opposing Party**

The City Council for the City of Santa Monica is represented by Joanna Simon and William V. O'Connor, Morrison & Foerster LLP, 12531 High Bluff Drive, San

1   Diego, CA 92130-2040, (858) 720-5100, JoannaSimon@mofo.com and

2   WOConnor@mofo.com; and Heidi vonTongeln, 1685 Main St. Rm 310, Santa Monica

3   CA 90401-3248, (310) 458-8709, Heidi.vonTongeln@smgov.net.

4       Counsel for Petitioners was contacted and does not oppose this application.

5                                 Respectfully submitted,

6   Date: October 13, 2017      *[signature: Shana Elson]*

7                                 Shana Elson, Esq.
                                  Attorney for *Amicus Curiae* Santa Monica Airport Ass'n

*EX PARTE* APPLICATION OF SANTA MONICA AIRPORT ASSOCIATION TO APPEAR AS AMICUS CURIAE

**Declaration of Shana Elson**

I, Shana Elson, declare as follows:

1. I am an attorney, duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California, and an attorney of record for *amicus curiae* Santa Monica Airport Association in this action. I have personal knowledge of the following facts except to those stated on information and belief, and as to those facts, I believe them to be true. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

2. I attempted to verbally gave notice of this *ex parte* application to Mr. O'Connor via telephone at 5:39 p.m. on October 13, 2017, and left him voicemail providing notice. I also informed Mr. O'Connor he would have twenty-four (24) hours to file an opposition, and asked him to advise me as to whether or not he would oppose. I have not year heard back.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of October, 2017, in Los Angeles, California.

*Shana Elson*
Shana Elson, Esq.