UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATE SCOTT, an individual;<br>JAMES BABINSKI, an individual<br><br>       Plaintiffs,<br><br>vs.<br><br>CITY COUNCIL FOR THE CITY OF SANTA MONICA, the governing body of the City of Santa Monica which operates the Santa Monica Municipal Airport; DOES, 1 through 10 inclusive<br><br>       Defendant | Case No.: 17-cv-07329-RSWL-FFM<br><br><br><br>**EX PARTE APPLICATION OF NATIONAL BUSINESS AVIATION ASSOCIATION AND AIRCRAFT OWNERS AND PILOTS ASSOCIATION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><br>Hon. Ronald S.W. Lew |

Donald P. Brigham, Esq. (SBN 68708)
Brigham Law Firm
575 Anton Boulevard, Suite 300
Costa Mesa, CA92626
(714) 432-6499
dbrigham@brighamlawfirm.us

Richard K. Simon, Esq. (SBN 45957)
1700 Decker School Lane
Malibu, CA 90265
(310) 503-7286
rsimon3@verizon.net

Kathleen A. Yodice, Esq.
Elizabeth M. Candelario, Esq.
LAW OFFICES OF YODICE ASSOCIATES
411 Aviation Way, Suite 245
Frederick, MD 21701
202-810-6800
kathy.yodice@yodice.com
elizabeth.candelario@yodice.com

Jolyon ("Jol") A. Silversmith, Esq.
Barbara M. Marrin, Esq.
ZUCKERT, SCOUTT & RASENBERGER, LLP
888 17th Street, N.W., Suite 700
Washington, DC 20006
(202) 298-8660
jasilversmith@zsrlaw.com
bmmarrin@zssrlaw.com

Kenneth Mead, Esq.
AIRCRAFT OWNERS AND PILOTS ASSOCIATION
421 Aviation Way
Frederick, MD 21701
(301) 695-2018
ken.mead@aopa.org

## Motion to Appear as *Amicus Curiae*

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that the National Business Aviation Association ("NBAA") and the Aircraft Owners and Pilots Association ("AOPA") hereby move this court for an order allowing them to submit the following memorandum on an *ex parte* and *amicus curiae* basis, in support of Plaintiffs' application for a preliminary injunction.  This motion is made on an *ex parte* basis because the application for a preliminary injunction is being briefed on an expedited basis which does not allow for an *amicus* application on an ordinary timeframe and because factual and legal issues before this Court are of import to NBAA and AOPA and their members.

Even without an *ex parte* motion, this Court can and does waive the requirements for *amicus* filings when doing so will not cause any prejudice.  NBAA and AOPA respectfully submit that this is such a case.  See, e.g., Reed v. Sandstone Properties, 2013 WL 1344912, *6 (C.D.Cal. 2013).  "[A] district court has broad discretion to appoint amici curiae."  Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982).  See also In re Roxford Foods Litigation, 790 F.Supp. 987, 997 (E.D.Cal. 1991).  This motion is not intended to delay or interfere with the promptness of the proceedings required in this matter; AOPA and NBAA are submitting this application promptly upon learning and understanding the judge's issuance of a temporary restraining order and wish only to provide additional brief and succinct information helpful to the Court's review of the pending preliminary injunction application.  The information that can be and is offered by NBAA and AOPA in the following brief memorandum provides good cause for the Court to grant this motion.

Under oath and pursuant to Local Rule 7-19.1, I affirm that counsel for the City of Santa Monica ("Santa Monica" or "City") and for Plaintiffs have been contacted to apprise them of the

EX PARTE APPLICATION OF NBAA AND AOPA FOR LEAVE TO PARTICIPATE AS AMICI CURIAE - 1

filing of this application; counsel for the City has responded that the City opposes this application.

NBAA and AOPA each do not have parent corporations, and as non-profit associations, neither NBAA nor AOPA have any stock. Counsel for NBAA and AOPA authored this brief and no other person, including the parties or their counsel, have contributed money that was intended to fund preparing or submitting this brief.

Dated: October 13, 2017

Respectfully submitted,

/s/ /Donald P. Brigham/

_____
Donald P. Brigham, Esq. (SBN 68708)
Brigham Law Firm
575 Anton Boulevard, Suite 300
Costa Mesa, CA92626
(714) 432-6499
dbrigham@brighamlawfirm.us

Richard K. Simon, Esq. (SBN 45957)
1700 Decker School Lane
Malibu, California 90265
(310) 503-7286
rsimon3@verizon.net

Kathleen A. Yodice, Esq.
Elizabeth M. Candelario, Esq.
LAW OFFICES OF YODICE ASSOCIATES
411 Aviation Way, Suite 245
Frederick, MD 21701
202-810-6800
kathy.yodice@yodice.com
elizabeth.candelario@yodice.com

Jolyon ("Jol") A. Silversmith, Esq.
Barbara M. Marrin, Esq.
ZUCKERT, SCOUTT & RASENBERGER, LLP
888 17th Street, N.W., Suite 700
Washington, DC 20006

EX PARTE APPLICATION OF NBAA AND AOPA FOR LEAVE TO PARTICIPATE AS AMICI CURIAE - II

1

2

(202) 298-8660
jasilversmith@zsrlaw.com
bmmarinn@zsrlaw.com

3

4

Kenneth Mead, Esq.
AIRCRAFT OWNERS AND PILOTS ASSOCIATION
421 Aviation Way
Frederick, MD 21701
301-695-2018
ken.mead@aopa.org

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE APPLICATION OF NBAA AND AOPA FOR LEAVE TO PARTICIPATE AS AMICI CURIAE - III

# Table of Contents

Motion to Appear as *Amicus Curiae* ..................................................................... i

Table of Contents ........................................................................................... iv

Table of Authorities ........................................................................................ v

Memorandum in Support ................................................................................... 1

    Statement of Interest ................................................................................. 1

    Argument .......................................................................................... 2

    Conclusion ........................................................................................ 5

Certificate of Service ...................................................................................... 7

1

## Table of Authorities

2

**Cases**

3

Hoptowit v. Ray, 682 F.2d 1237 (9th Cir. 1982) ........................................................... i

4

Nestle v. Santa Monica, 496 P.2d 480 (Cal. 1972) ..................................................... 4

5

Reed v. Sandstone Properties, 2013 WL 1344912 (C.D.Cal. 2013) ............................ i

6

In re Roxford Foods Litigation, 790 F. Supp. 987 (E.D.Cal. 1991) ........................... i

7

Santa Monica v. FAA, 631 F.3d 550 (D.C.Cir. 2011) ................................................ 4

8

U.S. v. Santa Monica, 330 Fed. Appx. 124 (9th Cir. 2009) ....................................... 4

9

U.S. v. Westchester County, 571 F.Supp. 786 (S.D.N.Y. 1983) ................................. 4

10

**Statutes**

11

49 U.S.C. § 47102 ....................................................................................................... 3

12

**Administrative Decisions**

13

14

In re Santa Monica, docket no. 16-02-08, Director's Determination,
       2008 WL 6895776 (May 27, 2008) ................................................................. 3-4

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE APPLICATION OF NBAA AND AOPA FOR LEAVE TO PARTICIPATE AS AMICI CURIAE - V

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Memorandum in Support</u>**

**Statement of Interest**

NBAA is an independent, not-for-profit education and advocacy association incorporated under the laws of and headquartered in Washington, DC.  NBAA has more than 11,000 members that operate more than 11,000 aircraft and is the leading voice for companies that operate general aviation aircraft in support of their business or are otherwise involved in business aviation.  A primary purpose of NBAA is to promote, protect, and represent the interests of its members.  Access to Santa Monica Municipal Airport is important to almost any NBAA member with business in Southern California, a congested airspace for which Santa Monica Municipal Airport ("SMO") is one of the primary and vital general aviation gateways.

AOPA is a not-for-profit education and advocacy association headquartered in Frederick, Maryland.  AOPA is the world's largest aviation membership association, representing more than 300,000 individual pilots, including those pilots holding student, sport, recreation, private, commercial, and airline-transport pilot certificates and associated ratings, as well as proprietors of aviation-related business and individual aircraft owners.  Founded in 1939, AOPA has long represented the interests of its members in the field of general aviation.  General aviation is the largest segment of the aviation industry, accounting for approximately two-thirds of the flying in the National Airspace System (in terms of hours flown).

NBAA and AOPA members have a substantial interest in ensuring that the Federal Aviation Administration ("FAA") acts appropriately to maintain compliance with the obligations of grant agreements and deed-based commitments incurred by and in exchange for federal assistance.  FAA must continue reasonable, appropriate, and timely oversight of the airports that are beneficiaries of federal investment and ensure that the national transportation system remains

EX PARTE APPLICATION OF NBAA AND AOPA FOR LEAVE TO PARTICIPATE AS AMICI CURIAE - 1

safe and efficient.  Equally important is the state and local oversight of a municipality's exercise of its authority, especially in taking stands to assure compliance with the laws that relate to benefits for the public interest and processes that protect that interest.

In this matter, NBAA is acting particularly on behalf of numerous members based at SMO, and AOPA on behalf of its more than 4,500 members who are located within a 50-mile radius at Santa Monica, many of whom base their aircraft at SMO.  These and the other members of both organizations from around the U.S. that collectively operate thousands of annual flights at SMO for their personal and business flight operations may be particularly directly and significantly affected by the City's actions as they relate to the maintenance and operation of the airport.  These members have a substantial interest in preserving the proper application of local law as they relate and apply to the City's actions.

**Argument**

Maintaining the status quo at SMO is vital.  SMO is a critical component of the national and local transportation system.  NBAA and AOPA speak in support of the Plaintiffs' efforts and contentions in this action, because they are meritorious in ensuring protections clearly provided by law and because the outcome is critical to the safety and efficiency of the local, regional and national air transportation system.

SMO, like all other public use airports, is governed by Federal law and also subject to local codes, rules, regulations, and standards that all work together to address and implement the interests in maintaining and operating the airport and serving the public interest.  At issue in this case is an example of local law that benefits the airport as well as the community's interest in understanding the changes that will be experienced and making sure those changes are conscious and appropriate.  Specifically, for example, the public hearing process required under California

law will allow for the full exploration of safety and environmental implications, such as the impact of aircraft flying different routes and altitudes by reason of the runway changes, the noise differences associated with the new flight patterns, and safety concerns associated with flying lower for longer over the neighboring communities, and other flight impacts which may remain unknown until experienced without the appropriate public process to fully comprehend them and handle them appropriately. These state and local laws are also significant for reasons beyond the specific application at issue; they apply to a resource in our national transportation infrastructure.

Furthermore, the injunction sought here – to prevent the City's truncation of SMO's runway – has implications beyond SMO itself. As just one example, the displacement and relocation of numerous jet aircraft operations (44% by the City's own estimate) by reason of a truncated SMO runway will have significant adverse impacts both on other regional airports (and their own surrounding populations) and on the many businesses that utilize them; transferring operations to Van Nuys Airport or to the already congested Los Angeles International Airport ("LAX") are simply not feasible alternatives for those using SMO.

SMO is designated as a "reliever" airport by the FAA, which means that it accommodates and relieves ground and airspace congestion from general aviation aircraft that otherwise would utilize Los Angeles International Airport ("LAX"). 49 U.S.C. § 47102(23). Thus, SMO's future – including the maintenance of its full-length runway – is important not just for pilots such as the Plaintiffs, but also for other pilots and businesses based at SMO and across the United States, because its truncation will have effects well beyond its boundaries. As FAA itself previously has recognized, based upon SMO's existing facilities:

> As a reliever for LAX, SMO serves a vital and critical role as a general aviation reliever airport by diverting aircraft away from the air carrier airports and other more heavily used airports located in the Los Angeles area. SMO serves the role of a business airport capable of accommodating a wide range of business and

personal aircraft, including corporate and business jets.  As such, SMO is able to accommodate over 90% of aircraft types in the general aviation fleet.

In re Santa Monica, docket no. 16-02-08, Director's Determination, 2008 WL 6895776, at *2 (May 27, 2008), affirmed Santa Monica v. FAA, 631 F.3d 550 (D.C.Cir. 2011).

The potential disruption in air traffic throughout the Los Angeles basin posed by the City's planned truncation of the runway presents a valid reason to grant an injunction here.  As explained previously by the Ninth Circuit in upholding a preliminary injunction in a 2008 case involving Santa Monica's attempts to prohibit the operation of larger jets at SMO:

> [T]he balance of equities tips in favor of the FAA: a large disruption to air traffic is avoided and Santa Monica is required to preserve the status quo only while FAA proceedings conclude.  Given the safety history of Category C and D aircraft at SMO, the FAA's role in ensuring aviation safety, and the potential disturbance to air traffic around the Los Angeles area, the preliminary relief requested (and awarded) is in the public interest.

U.S. v. Santa Monica, 330 Fed. Appx. 124, 125-26 (9th Cir. 2009).[1]  An injunction against the City in this case is equally meritorious, because of the widespread consequences for aviation at stake – at SMO and beyond, for a wide variety of pilots and businesses.

In this proceeding, the Court has broad discretion in assessing the balance of harms, and for the limited period during which this case is likely to be pending, it should recognize that the maintenance of the status quo will cause no undue harm: jet aircraft have operated at SMO for more than 50 years, Nestle v. Santa Monica, 496 P.2d 480 (Cal. 1972), the 5,000' runway has existed in its present form for more than 70 years, In re Santa Monica, 2008 WL 6895776, at *45, and the present aircraft operations are known quantities and qualities that have allowed for

---

[1] See also U.S. v. Westchester County, 571 F.Supp. 786, 797-98 (S.D.N.Y. 1983) ("[f]lights in and out of other airports are not an adequate substitute for the flexibility provided by business and corporate air flights in and out of the Airport … On the issue of irreparable harm, plaintiffs have demonstrated negative impact on the airspace in the New York City metropolitan area and beyond, which cannot be measured in monetary damages").

safe operations and environmental mitigations.   While, as the City argues, there may be

monetary costs if the construction is now stopped, a continuation of that construction, even if

later halted, will create a range of adverse operational impacts, both monetary and non-monetary,

affecting numerous tenants, users, and other area facilities that greatly outweigh any near-term

costs that the City might incur.

**Conclusion**

There are merits issues regarding the application of local law that need to be fairly and

fully heard *before* damage occurs that cannot easily, if at all, be cured.  The harm to the public

interest looms larger than the lack of harm in preserving the airport while the case proceeds

properly under the law.  Accordingly, NBAA and AOPA urge this Court to enter a preliminary

injunction that will preserve the status quo – and the airport's future – pending a full briefing of

the case.

/s/ /Donald P. Brigham/

_____

Donald P. Brigham, Esq. (SBN 68708)
Brigham Law Firm
575 Anton Boulevard, Suite 300
Costa Mesa, CA92626
(714) 432-6499
dbrigham@brighamlawfirm.us

Richard K. Simon, Esq. (SBN 45957)
1700 Decker School Lane
Malibu, California 90265
(310) 503-7286
rsimon3@verizon.net

Kathleen A. Yodice, Esq.
Elizabeth M. Candelario, Esq.
LAW OFFICES OF YODICE ASSOCIATES
411 Aviation Way, Suite 245
Frederick, MD 21701
202-810-6800
kathy.yodice@yodice.com

EX PARTE APPLICATION OF NBAA AND AOPA FOR LEAVE TO PARTICIPATE AS AMICI CURIAE - 5

1    elizabeth.candelario@yodice.com

2    Jolyon ("Jol") A. Silversmith, Esq.
3    Barbara M. Marrin, Esq.
     ZUCKERT, SCOUTT & RASENBERGER, LLP
4    888 17th Street, N.W., Suite 700
     Washington, DC 20006
5    (202) 298-8660
6    jasilversmith@zsrlaw.com
     bmmarrin@zsrlaw.com
7
8    Kenneth Mead, Esq.
     AIRCRAFT OWNERS AND PILOTS ASSOCIATION
9    421 Aviation Way
     Frederick, MD 21701
10   301-695-2018
     ken.mead@aopa.org
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE APPLICATION OF NBAA AND AOPA FOR LEAVE TO PARTICIPATE AS AMICI CURIAE - 6

**<u>Certificate of Service</u>**

I certify that on October 13, 2017 the following parties were served via ECF:

/s/ /Donald P. Brigham/

_____
Donald P. Brigham, Esq. (SBN 68708)
Brigham Law Firm
575 Anton Boulevard, Suite 300
Costa Mesa, CA 92626
(714) 432-6499
dbrigham@brighamlawfirm.us

R. Christopher Harshman, Esq.
chris@packetlaw.com
David M. Shaby II
david@ds4law.com
David M. Shaby II & Associates
11949 Jefferson Blvd. Ste 104
Culver City, CA 90230

Lane Dilg
City Attorney
lane.dilg@smgov.net
Joseph Lawrence
Assistant City Attorney
joseph.lawrence@smgov.net
Heidi von Tongeln
heidi.vontongeln@smgov.net
Deputy City Attorney
1685 Main Street, Third Floor
Santa Monica, CA 90401-3295

William V. O'Connor, Jr.
woconnor@mofo.com
Joanna L. Simon
joannasimon@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543