R. Christopher Harshman, Esq. (248214)
  chris@packetlaw.com
David M. Shaby II (97871)
  david@ds4law.com
DAVID M. SHABY II & ASSOCIATES
11949 Jefferson Blvd. Ste 104
Culver City, California 90230
Telephone:  (310) 827-7171
Facsimile:   (310) 382-2092

*Attorneys for Petitioners Kate Scott and James Babinski*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Kate Scott, *et al*, | Case no. 2:17-cv-07329-PSG (FFMx) |
|---|---|
| Plaintiff, | *Removed from LASC [BS169465]* |
| vs. | Assigned to the Hon. Philip S. Gutierrez |
| City Council for the City of Santa Monica, *et al*, | **PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS CASE AND/OR MOTION TO STRIKE [ECF NO. 41]** |
| Defendants. | Date:  December 18, 2017<br>Time:  1:30 p.m.<br>Place: First Street Courthouse<br>         350 West 1st Street, Ctrm 6A<br>         Los Angeles, California 90012 |

Plaintiffs and petitioners Kate Scott and James Babinski ("Petitioners") respectfully oppose the pending Defendant City Council for the City of Santa Monica's Motion to Dismiss and/or Motion to Strike Verified Amended Petition (ECF No. 41) ("Motion to Dismiss"), and hereby incorporate by reference their pending Motion for Reconsideration of Superior Court Decisions re Interpretation of the Brown Act (ECF No. 62) ("Motion to Reconsider"). Both of these motions are set to be heard by the Court on the same date (*see* ECF No. 64, Minutes Resetting Motion Hearing Date, ECF No. 57, Stipulation to Continue, and ECF No. 58, Order Granting Stipulation re Motion to Dismiss and Strike, Motion for Reconsideration).

As California's State Legislature expressly declared when enacting the Ralph M. Brown Act (the "Brown Act") at issue in this case:

> In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly.
>
> The people of this State do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created.

Cal. Gov't Code § 54950. Petitioners respectfully assert the law is not as settled as the defendant would like, and that Judge Chalfant's rejection of their broad Brown Act claim at the demurrer stage was "clear error or […] manifestly unjust" (*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)), and that the Court should grant reconsideration on this vital issue of public policy. Petitioners contend that, should the Court grant their Motion to Reconsider, the defendant's Motion to Dismiss will be moot.

                              Respectfully submitted,

                              DAVID M. SHABY II & ASSOCIATES

Date: November 27, 2017    By: /s/ R. Christopher Harshman
                                        R. Christopher Harshman, Esq.
                                        Attorneys for Petitioners Kate Scott and James Babinski